**Girvies L. DAVIS, Petitioner–Appellant,**

v.

**Warden Jim GREER and Neil F. Hartigan, Respondents– Appellees.**

No. 92–3203.

United States Court of Appeals, Seventh Circuit.

April 13, 1994.

---

Before POSNER, Chief Judge, CUMMINGS, Circuit Judge, BAUER, Circuit Judge, CUDAHY, Circuit Judge, COFFEY, Circuit Judge, FLAUM, Circuit Judge, EASTERBROOK, Circuit Judge, RIPPLE, Circuit Judge, MANION, Circuit Judge, KANNE, Circuit Judge, ROVNER, Circuit Judge.

## ORDER

On consideration of the petition for rehearing with suggestion for rehearing *en banc* filed by the petitioner-appellant and the response filed by respondents-appellees, a vote of the active members of the court was requested and a majority of the judges in active service have voted to deny rehearing *en banc*. Judges Cudahy, Ripple and Rovner voted to grant rehearing *en banc*. All of the judges on the original panel have voted to deny the petition for rehearing. Accordingly,

IT IS THEREFORE ORDERED that the request for rehearing *en banc* is hereby DENIED; IT IS FURTHER ORDERED that the petition for rehearing is hereby DENIED.

RIPPLE, Circuit Judge, with whom CUDAHY and ROVNER, Circuit Judges, join, dissenting from the denial of rehearing *en banc*.

In my view, the case presents several substantial and important questions. The most problematic is defense counsel's failure to request an evidentiary hearing on the issue of the defendant's competency. While I do not think that it is accurate to characterize the holdings of the Eleventh Circuit[1] as creating a technical conflict, there is certainly a tension between the approach of the two circuits. Because of counsel's failure to seek such a hearing and the resultant lack of consideration of the defendant's psychiatric

condition, the decision on the death penalty was made on the basis of a very inaccurate picture of the defendant. Most significantly, the jury heard his videotaped statement that he desired to be executed, but it did not know that it was the statement of a person with a very diminished mental capacity. The possibility of an erroneous decision on the part of the jury is even greater when one considers that its members may have been under a misapprehension as to its role because of the remarks of the prosecutor and the less than comprehensive jury instructions. Moreover, the missing evidence was highly significant both as proof of a mitigating circumstance and as a foundation for Mr. Davis' claim under *Tison v. Arizona*, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987), and *Enmund v. Florida*, 458 U.S. 782, 797, 102 S.Ct. 3368, 3376–77, 73 L.Ed.2d 1140 (1982), that the death penalty was imposed without evidence that the defendant intended, or displayed reckless indifference, that a killing take place or that lethal force be used.

---

1. In *Agan v. Dugger*, 835 F.2d 1337 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205, 108 S.Ct. 2846, 101 L.Ed.2d 884 (1988), the court of appeals remanded for an evidentiary hearing on petitioner's claim of ineffective assistance of counsel. *Id.* at 1339. On remand, the district court granted a writ of habeas corpus. On a second appeal, the Eleventh Circuit affirmed the judgment of the district court. *Agan v. Singletary*, 12 F.3d 1012 (11th Cir.1994).